Argued and submitted October 19, 1988, affirmed January 11, 1989

# CITY OF SALEM,
*Respondent,*

*v.*

# WOLF,
*Appellant.*

## (87D-101400; CA A46107)

766 P2d 1051

Carl H. Brumund, Salem, argued the cause and filed the brief for appellant.

George B. Stevenson, Assistant City Attorney, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant appeals his conviction under Salem Revised Code § 95.430(a) for resisting a peace officer. He contends that the court erred in denying a motion to dismiss the accusatory instrument, arguing that the ordinance is unconstitutionally overbroad. We affirm.

The facts are not in dispute, and the details are not essential to the legal issues raised by defendant. Defendant was tried before a jury and convicted.

Defendant argues that section 95.430(a) is unconstitutionally overbroad in that it reaches behavior protected under the search and seizure and free speech provisions of the Oregon and United States constitutions. Section 95.430(a) provides:

"It shall be unlawful for any person acting intentionally, knowingly, or recklessly:

"a)   to resist any person known to him to be a peace officer acting in the discharge or apparent discharge of his duty."

■■   We first consider defendant's state constitutional claims. *State v. Kennedy,* 295 Or 260, 262, 666 P2d 1316 (1983). He contends that section 95.430(a) violates his right under Article I, section 9, of the Oregon Constitution to be secure from unreasonable seizure,[1] because it does not explicitly permit resistance to an officer's use of excessive force during arrest. We have interpreted the resisting arrest statute, ORS 162.315,[2] as not prohibiting resistance to exces-

---

[1] Article I, section 9, provides:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

[2] ORS 162.315 provides:

"(1) A person commits the crime of resisting arrest if the person intentionally resists a person known by the person to be a peace officer in making an arrest.

"(2) 'Resists,' as used in this section, means the use or threatened use of violence, physical force or any other means that creates a substantial risk of physical injury to any person.

"(3) It is no defense to a prosecution under this section that the peace officer lacked legal authority to make the arrest, provided the peace officer was acting under color of official authority.

"(4) Resisting arrest is a Class A misdemeanor."

sive force. *State v. Crane,* 46 Or App 547, 552-53, 612 P2d 735, *rev den* 289 Or 903 (1980). A municipal criminal ordinance may not criminalize acts that the state has chosen not to criminalize. *City of Portland v. Dollarhide,* 300 Or 490, 501-02, 714 P2d 220 (1986). We construe the ordinance, consistently with ORS 162.315, to permit resistance to an arrest made with excessive force. Thus, defendant's claim under Article I, section 9, fails.[3]

■     Defendant also argues that section 95.430(a) violates the constitutional right to free speech and expression. He gives four examples of constitutionally protected speech that he states would be forbidden: a suspect's invocation of the right against self-incrimination; an attorney advising a client to assert constitutional rights against self-incrimination, search or an arrest without probable cause; the refusal to comply with a warrantless search; and protesters who clench fists and sing "we shall not be moved" in response to a declaration that they are under arrest.

The Oregon resisting arrest statute defines "resist" as "the use or threatened use of violence, physical force, or any other means that creates a substantial risk of physical injury to any person." ORS 162.315(2). Physical force or a substantial risk of injury is an element of resistance. We construe the word "resist" in section 95.430(a) as it is defined in ORS 162.315(2).[4] *See* note 2, *supra.* None of plaintiff's examples even arguably fits the definition. Therefore, they are not within the scope of the ordinance, and plaintiff's constitutional challenges under Article I, section 8, and the First Amendment fail.

Affirmed.

---

[3] Because we decide that the right to resist excessive force is not denied by section 95.430(a), we need not separately address defendant's argument under the Fourth Amendment. During his discussion of the right to resist excessive force during an arrest, defendant also comments on two other distinctions between section 95.430(a) and the Oregon resisting arrest statute, ORS 162.315, specifically the exceptions under ORS 162.315 for passive resistance and flight from arrest. Defendant does not suggest, and we do not hold, that those exceptions have a constitutional basis. Therefore, we do not need to address the issues.

[4] Defendant does not contend that the ordinance should be construed to be confined to the arrest situation, and we do not decide this issue.